EDWARD SAMPSON

*v.*

THE PEOPLE *ex rel.* William C. Rich, Jr., Collector.

*Filed at Mt. Vernon March 28, 1892.*

1. MUNICIPAL SUBSCRIPTION AND BONDS—*burden of proof—notice of election.* On an application for judgment against lands for taxes levied to pay the interest on bonds issued by a city in payment of a subscription to the capital stock of a railroad company, where the subscription is made and the bonds issued after the adoption of the present constitution, the burden of proof rests on the collector to show that the subscription and issue of bonds were authorized by a vote of the people

before such constitution was adopted, and if no notice of the election is shown, it is error to render judgment for the tax, if it is resisted.

2. Unless notice is given as required by the statute, the vote of the people of a city to take stock in a railway company and to issue city bonds in payment for stock subscribed will be unauthorized, and will confer no power to subscribe for stock and issue bonds therefor.

Appeal from the County Court of Union county; the Hon. M. C. Crawford, Judge, presiding.

Messrs. Karraker & Lingle, for the appellant:

Neither the charter of the city nor that of the railway company authorized the subscription and issue of bonds, and the bonds are therefore void.

After the adoption of the constitution of 1870, before the city could lawfully issue bonds in subscription of stock in aid of a railroad, it must appear that there was an election regularly held, prior thereto, under a law authorizing such election, and these facts must be affirmatively shown by those claiming the validity of the bonds. *Williams* v. *People*, 132 Ill. 574; *Eddy* v. *People*, 127 id. 428; *People* v. *Jackson County*, 92 id. 441; *Jackson County* v. *Brush*, 77 id. 59; *Town of Prairie* v. *Lloyd*, 97 id. 178.

Mr. Justice Craig delivered the opinion of the Court:

This was an application by the county collector of Union county for judgment against delinquent lands for taxes. On the day the collector applied for judgment, the appellant, Edward Sampson, appeared, and objected to $12.09 of the tax levied on a tract of land owned by him, to pay interest on $25,000 bonds issued by the city of Jonesboro as a subscription to the capital stock of the Cairo and St. Louis Railroad Company. The following objections were interposed in the county court to the tax: First, the charter of the city of Jonesboro gave no power to the said city to hold the said election and to issue said bonds in aid of said railroad company;

second, the bonds were not issued according to the conditions voted upon; third, the railroad company had not complied with said conditions at the time of the passage of the act, March 3, 1869, nor at the time of the adoption of the constitution of 1870; fourth, no law authorized said election nor said issue of bonds; fifth, said city had no right to issue bonds payable in New York; sixth, the election was not held pursuant to any law then in force; seventh, legal notice of said election was not regularly given. The court heard the evidence offered in support of the objections, and they were all overruled, and judgment rendered against the land for the tax assessed against it, and the objector, Edward Sampson, prayed for and obtained an appeal.

In the argument filed by appellant's counsel, reliance is placed on the first, sixth and seventh objections. The first and sixth will be considered together.

It appears from the evidence introduced on the hearing, that on the 2d day of March, 1868, the city council of the city of Jonesboro passed a resolution submitting to a vote of the people of the city the question of subscribing $50,000 to the capital stock of the Cairo and St. Louis Railroad Company, at the next regular election, to be held on the 6th day of April then next. The resolution provided that bonds should be issued for the subscription, payable within twenty years, bearing interest at the rate of eight per cent. On the 21st day of July, 1871, the city council passed the following ordinance:

"Whereas, (here ordinance recites the foregoing resolution); and whereas, in pursuance of said resolution an election was held on the 6th day of April, 1868, in the several wards of said city, at the usual voting places therein, when and where the legal voters of said city voted upon the question submitted in accordance with said resolution, and that due legal notice of said election was given by the city clerk of said city; and whereas, by return from the several wards of said city it appears that one hundred and thirty-one votes were given in

favor of such subscription and none were given against subscription:

"Section 1. Now, therefore, for the purpose of giving effect to the wishes of the voters of said city, be it enacted by the city of Jonesboro, that a subscription of $50,000 to the capital stock of the Cairo and St. Louis Railroad Company be and the same is hereby made, upon the conditions specified in said resolutions."

Section 2 provided that bonds be issued upon certain conditions therein named, due in twenty years, bearing interest at the rate of eight per cent. It also appeared that the railroad was built and bonds issued and delivered to the company. It is true, as suggested in the argument, that the city charter of the city of Jonesboro contains no provision authorizing the voters of the city to vote on the question of subscribing to the capital stock of a railroad company, nor is there any authority in the charter to issue bonds in payment of a subscription made to aid in the building of a railroad. But the act of 1849 confers full authority on a city, upon a vote of the legal voters of the municipality, to subscribe to the capital stock of a railroad company, and issue its bonds in payment of such subscription. (Gross' Stat. of 1869, p. 552.) Nothing further, therefore, need be said as to the power of the city of Jonesboro to hold the election and issue its bonds.

The next question presented is, whether the tax levied to pay interest on bonds is illegal, on the ground that sufficient notice of the election held in the city to vote on the question of taking stock in the railroad was not given. The fourth section of the act of 1849, under which the election was held, required the common council to give thirty days' notice, in the same manner as notices are given for election of State or county officers. Whether any notice of the election was given does not appear from this record, as no evidence whatever was introduced on the hearing in the county court on that subject. If, therefore, it devolved upon the collector to prove that a

proper notice of the election was given, the judgment will have to be reversed.

It will be observed that this subscription was made after the adoption of the constitution of 1870, and the bonds were not issued until July 1, 1872. Separate section 2 of the constitution provides: "No county, city, etc., * * * shall ever become a subscriber to the capital stock of any railroad or private corporation, to make donation to or loan its credit in aid of such corporation: *Provided, however,* that the adoption of this article shall not be construed as affecting the rights of any such municipality to make such subscriptions, where the same have been authorized, under existing laws, by a vote of the people of such municipalities prior to such adoption." The levy having been made to pay interest on a subscription made since the adoption of the above section of the constitution, the burden of showing the subscription was made in compliance with a vote of the people of the city prior to the adoption of the present constitution, devolved upon those affirming the validity of the subscription and bonds issued in compliance therewith. This rule is fully sustained by the former decisions of this court. (*Jackson County* v. *Brush,* 77 Ill. 59 ; *People* v. *Jackson County,* 92 id. 441 ; *Town of Prairie* v. *Lloyd,* 97 id. 191 ; *Williams* v. *People,* 132 id. 574.) Unless notice of the election was given as required by the statute, the vote was unauthorized, and it conferred no power on the city to make the subscription and issue the bonds. As said before, the record contains no evidence in regard to notice, and as the burden rested on the collector to establish notice, we perceive no ground upon which the judgment can be sustained.

The judgment of the county court as to the tract of land in question will be reversed, and the cause will be remanded for another trial.

*Judgment reversed.*